**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4620**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN DAVID CRENSHAW,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Bruce H. Hendricks, District Judge.  (8:16-cr-00924-BHH-1)

Submitted:  April 24, 2018                    Decided:  May 9, 2018

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Columbia, South Carolina, A. Lance Crick, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin David Crenshaw pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Crenshaw to 120 months' imprisonment. On appeal, Crenshaw contends that the district court erred in applying a cross-reference to the attempted murder Sentencing Guideline. *See* U.S. Sentencing Guidelines Manual §§ 2A2.1, 2K2.1(c)(1)(A), 2X1.1(a) (2016). The Government counters that any error is harmless because the district court announced an alternate variant sentence. We affirm the district court's judgment.

Rather than evaluating the merits of a defendant's challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). The error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012). Here, the first inquiry is met because the "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result." *Gomez-Jimenez*, 750 F.3d at 383.

As to the second inquiry, in determining whether Crenshaw's sentence is reasonable, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

We conclude that Crenshaw's sentence is reasonable. This was not an ordinary felon-in-possession case. By age 31, Crenshaw had amassed an extensive and escalating criminal history. And here, Crenshaw participated in an assault, chased the victim as he attempted to flee, and then shot the victim. Additionally, as the district court noted, Crenshaw engaged in the offense conduct while on supervised release, indicating that he had not been deterred from engaging in criminal conduct by his previous sentence of imprisonment or by supervision. The record reflects that the district court both took these circumstances into account in sentencing Crenshaw pursuant to the 18 U.S.C. § 3553(a)

3

factors and reasonably emphasized deterrence and the need to protect the public. Thus, we conclude that any Guidelines error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*